# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN D. MEREDITH,

    **Plaintiff,**

    v.                                  CASE NO. 18-3282-SAC

MICHAEL PARR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Steven D. Meredith is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint.

**I. Nature of the Matter before the Court**

Plaintiff alleges that he was charged in Riley County Case No. 17-cr-458 in late August of 2017. On September 8, 2017, he was released on bond. On October 28, 2017, the State's primary witness in Case No. 17-cr-458 "falls victim to homicide." On October 29, 2017, Plaintiff is questioned by the Riley County Police Department ("RCPD") detectives regarding his whereabouts for the previous week. Plaintiff requested counsel and declined to speak any further to RCPD detectives.

On November 6, 2017, a warrant was issued in Riley County for Plaintiff "ostensibly" for KORA violations (Case No. 17-cr-673) and bond was set at $10,000. On November 7, 2017, Junction City Police and RCPD execute the arrest warrant for Plaintiff in Geary County, Kansas. Plaintiff "sees [a] bearded man with handgun drawn and flees fearing for his life not knowing the

1

man to be a Law Enforcement Officer." (Doc. 1, at 8.) Plaintiff alleges that the bearded man had a gun in front of his chest, blocking the letters "Police." (Doc. 1, at 13.) This "mistake" garners new charges in Geary County, Case No. 17-cr-970, which results in Plaintiff later pleading guilty to a single Class A misdemeanor charge of obstruction of the legal process. (Doc. 1, at 14.)

On January 8, 2018, Assistant Riley County Attorney James Garrison is granted a motion to increase bond from $10,000 to $100,000 plus ankle monitoring for Case No. 17-cr-673, "filed under seal and granted without defense's knowledge." *Id*. On April 16 and May 29, 2018, Plaintiff's defense attorney argued at two separate arraignments, requesting a bond reduction for Case No. 17-cr-673, and the requests were denied. On June 28, 2018, Plaintiff filed a motion in Case No. 17-cr-673 for a bond reduction and the motion was heard and denied on August 20, 2018. On August 10, 2018, Plaintiff was charged with Murder in the 1st Degree in Case No. 18-cr-454 in Riley County and had his first appearance on August 13, 2018.

Plaintiff alleges that he was arrested without probable cause in Riley County Case No. 17-cr-673. Plaintiff alleges that Riley County officials used the KORA system as a way to conduct an investigative detention in retaliation for Plaintiff's failure to cooperate with an ongoing investigation. Plaintiff alleges he was unlawfully detained for ten months and then the case was dismissed on September 13, 2018—after he was charged in Case No. 18-cr-454. Plaintiff alleges that Defendants abused the intended purpose of the KORA system. Plaintiff also alleges that the Assistant County Attorney improperly moved to increase his bond due to him being a suspect in an uncharged homicide. Plaintiff alleges that this constitutes malicious prosecution, malpractice, unlawful detention, and a due process violation. (Doc. 5, at 2.) Plaintiff also alleges he was sexually assaulted by a correctional officer in Geary County.

Plaintiff names as defendants: Michael Parr, Detective at RCPD; Robert Dierks, Detective at RCPD; Daryl Ascher, Lieutenant at RCPD; Shannon Ascher, Special Investigations Secretary and Kansas Register Offender Clerk at RCPDt; James Garrison, Assistant Riley County District Attorney; Barry Wilkerson, Riley County District Attorney; and the Riley County Police Department. Plaintiff seeks compensatory and punitive damages, a year of mental health counseling paid for by the RCPD, for the information gained during his detention to be destroyed and not used against him in Case No. 18-cr-454, and a remedy to fix the KORA system so that it is not used to issue warrants to detain individuals to gather information.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

4

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Improper Defendants

#### 1. County Attorneys

Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case and his bond fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against the county prosecutors should not be dismissed based on prosecutorial immunity.

#### 2. Police Department

Plaintiff names the Riley County Police Department as a defendant. Defendant RCPD is subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

### B. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of any sentence or conviction in Case

No. 18-cr-454, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated. Therefore, Plaintiff must show cause why his Complaint should not be dismissed as barred by *Heck*.

**C. Wrongful Arrest, Illegal Detention and Malicious Prosecution**

Plaintiff alleges that his arrest for KORA violations was without probable cause and in retaliation for his refusal to cooperate with an ongoing investigation. Plaintiff alleges his detention following his arrest was used to obtain information for his subsequent homicide charge. Plaintiff alleges that the KORA violations were dismissed after he was charged in the homicide case.

An arrest warrant must be supported by probable cause. *Taylor v. Meacham*, 82 F.3d 1556, 1561–62 (10th Cir. 1996). "Probable cause to arrest exists when an officer has learned of facts and circumstances through reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed by the person arrested." *United States v. Anchondo*, 156 F.3d 1043, 1045 (10th Cir. 1998). The Fourth Amendment is violated "if police knowingly or with reckless disregard included false statements in affidavits that formed the basis for the issuance of warrants." *Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004). "If an arrest warrant affidavit contains false statements, "the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Taylor,* 82 F.3d at 1562 (quotations omitted).

Plaintiff has failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, that false statements were even made, or that any defendant acted recklessly or maliciously. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Nieves v. Bartlett*, 139 S. Ct. 1715, 1724, 1726 (2019) (finding that "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest" and that "malicious prosecution requires proving 'the want of probable cause.'"). Plaintiff's KORA violation case (No. 17-cr-673) was set for a jury trial after an arraignment and preliminary hearing. Plaintiff has not alleged that there was no finding of probable cause at his preliminary hearing, and the case proceeded and was scheduled for a jury trial. Plaintiff merely alleges that the case was ultimately dismissed. Plaintiff does not allege that the dismissal was based on a lack of probable cause or based on his innocence. Furthermore, according to Plaintiff's factual allegations, he was being held in Geary County for fleeing or alluding law enforcement officers in Case No. 17-cr-970. Plaintiff ultimately pleaded guilty to a Class A misdemeanor charge of obstruction of the legal process in that case.

**D. Younger Abstention**

Plaintiff asks the Court to destroy evidence obtained during his detention which may be used in his state criminal case (18-cr-454). The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See* Doc. 10, at 11–13. "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden*

*State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Case No. 18-cr-454 is still pending in Riley County District Court. *See State v. Meredith*, Case No. 18-cr-454 (Riley County District Court). Therefore, it appears that the second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v.*

*Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). *See Buck*, 244 F. App'x at 198. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff's claim for monetary damages may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

### E. Motion for Appointment of Counsel (Doc. 10)

Plaintiff asks the Court to appoint counsel and sets forth his attempts to find counsel to represent him. Plaintiff alleges that he is indigent and has limited ability to do research. Plaintiff also alleges that he has learning/mental health disabilities and has received help from other inmates in completing his Complaint. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### F. Motion for Issuance of Summons (Doc. 14)

Plaintiff has filed a motion inquiring as to the issuance of summonses in this case. Plaintiff also asks to have some of his filing fees waived. Because Plaintiff's Complaint has not survived screening, issuance of summonses is premature and therefore denied. Although Plaintiff was granted *in forma pauperis* status, he remains obligated to pay the remainder of the filing fee in installments. The Court's Order (Doc. 7) granting leave to proceed *in forma pauperis* provides that "Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2)." Plaintiff's motion is denied.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3282-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **July 10, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 10, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 19th day of June, 2019.**


<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**