IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN D. MEREDITH,

    **Plaintiff,**

    v.                                                    CASE NO. 18-3282-SAC

MICHAEL PARR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff's claims deal with his state criminal proceedings. On June 19, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 15) ("MOSC") granting Plaintiff until July 10, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff until July 10, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies. Plaintiff has failed to respond to the MOSC by the deadline.

In the MOSC, the Court found that Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity. The Court also found that Defendant Riley County Police Department is subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

The Court also found that any claim challenging Plaintiff's state sentence is not cognizable in a § 1983 action. To the extent Plaintiff challenges the validity of any sentence or

1

conviction in Case No. 18-cr-454, his federal claim must be presented in habeas corpus. Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff has failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, that false statements were even made, or that any defendant acted recklessly or maliciously. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Nieves v. Bartlett*, 139 S. Ct. 1715, 1724, 1726 (2019) (finding that "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest" and that "malicious prosecution requires proving 'the want of probable cause.'").

Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 16th day of July, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**